IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CARL JAMES CAVINESS                                                    PLAINTIFF

VS.                                                 CIVIL ACTION NO. 4:11cv3-MTP

SANDRA ATWOOD, ET AL.                                                DEFENDANTS

**ORDER**

This matter is before the court *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2)[1]. Having reviewed the complaint and the applicable law, and having considered Plaintiff's testimony given at his *Spears*[2] hearing, the court finds that Plaintiff has failed to state a claim upon which relief may be granted for denial of access to the courts, retaliation, violation the Americans with Disabilities Act ("ADA"), and violation of the Rehabilitation Act.

---

[1] Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). Section 1915(e)(2) states as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on November 17, 2011.

1

Accordingly, these claims should be dismissed with prejudice.³

Plaintiff Carl James Caviness, an inmate at the East Mississippi Correctional Facility, filed the instant matter pursuant to 42 U.S.C. § 1983 on January 7, 2011. Plaintiff's claims were clarified and amended by his sworn testimony during the *Spears* hearing.⁴

*Denial of Access to the Courts*

Plaintiff alleges that he was transported to a civil court hearing in another matter in September 2010,⁵ and due to a disruption caused by another inmate his hearing was cancelled.⁶ Plaintiff testified that his case was not dismissed as a result of the cancellation, and that his rights did not suffer in any way.

In order to state a constitutional violation for denial of access to the courts, Plaintiff must show a "relevant actual injury" caused by the Defendant's alleged unconstitutional conduct. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (citation omitted) (stating that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim'"); *see also Cartner v. Lowndes County*, 89 Fed. App'x 439, 442 (5th Cir.

---

³Plaintiff's claims for the denial of adequate medical care in violation of the Eighth Amendment will go forward at this time. *See* Omnibus Order [39].

⁴*See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

⁵Plaintiff is apparently referring to *Caviness v. Puckett, et al.*, Civil Action No. 4:10cv93-FKB. Plaintiff was scheduled to appear at an omnibus hearing before Judge Ball on September 23, 2010. *See* Order [18].

⁶Plaintiff initially claimed that his hearing was cancelled because he was injured as a result of wearing leg restraints. He later testified that the hearing was cancelled due to the disruption by another inmate, and had nothing to do with him.

2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected").

Plaintiff has failed to establish that he was denied access to the courts or that he suffered an actual injury as a result of the cancellation of his court hearing. *See supra, Lewis*, 518 U.S. at 349-52. Indeed, the record reflects that Plaintiff's hearing was rescheduled and took place on December 1, 2010;[7] the action is still pending. *See Dickerson v. Jordan*, 34 Fed. App'x 962, No. 01-21106, 2002 WL 663719, at *1 (5th Cir. March 26, 2002) (affirming dismissal of claim for denial of access to courts because plaintiff failed to allege an actual injury); *Morgan v. Goodwin*, 193 F.3d 1518, No. 98-21069, 1999 WL 706222, at *1 (5th Cir. Aug. 24, 1999) (affirming dismissal of claim for denial of access to courts because plaintiff failed to prove that his legal position was prejudiced by the alleged violation; plaintiff failed to allege which claims he was prevented from presenting to the courts).

*Retaliation*

Plaintiff claims that Defendants Dr. Abangan, Sandra Atwood, and Vonnie Neal retaliated against him. Specifically, he claims they made him wait in the waiting room for medical care for no reason. He also claims that other inmates were masturbating in the waiting room. He claims these Defendants retaliated against him because he filed grievances against them.

"To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize

---

[7]*See Caviness v. Puckett, et al.*, Civil Action No. 4:10cv93-FKB, Order [26]; minute entry dated 12/1/10.

these claims." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  To prevail on claim of retaliation, Plaintiff must establish "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his . . . exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  To prove causation, Plaintiff must show that "but for the retaliatory motive the complained of incident . . . would not have occurred." *McDonald*, 132 F.3d at 231 (internal citations and quotations omitted).  Plaintiff must present either direct evidence of retaliatory motivation or "a chronology of events from which retaliatory motivation may be plausibly inferred."  *Woods*, 60 F.3d at 1166 (internal citations and quotations omitted).

     Plaintiff has failed to establish the Defendants' intent to retaliate against him for filing a grievance against them.  He has also failed to present either direct evidence of retaliatory motivation or "a chronology of events from which retaliatory motivation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal citations and quotations omitted).  Plaintiff has likewise failed to establish a retaliatory adverse act and causation.  Plaintiff testified that other inmates also had to wait in the waiting room for medical care.  Moreover, Plaintiff failed to establish that he would not have had to wait in the waiting room for medical care but for the alleged retaliatory motive.  Plaintiff testified during the omnibus hearing, "I know it sounds small right now."  Based on the foregoing, Plaintiff has failed to state a claim for retaliation upon which relief may be granted.

     *Violation of the ADA and the Rehabilitation Act*

     Plaintiff alleges that the Defendants violated the ADA, 42 U.S.C. § 12101 *et seq*., and the Rehabilitation Act, 29 U.S.C. §§ 701-796.  Specifically, he claims that he was denied access to

the courts and denied medical care due to his alleged disability[8] due to the requirement that he wear leg restraints during transport. Plaintiff claims he was not able to go to his appointments at the VA hospital because he is required to wear leg restraints and be accompanied by armed guards. Apparently, the VA hospital will not admit patients with chains or restraints and will not allow armed guards to enter the facility.

"The ADA is a federal anti-discrimination statute designed 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.'" *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) (quoting *Rizzo v. Children's World Learning Centers, Inc.*, 173 F.3d 254, 261 (5th Cir. 1999) (footnote omitted)).[9] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

---

[8] Plaintiff alleges he has nerve damage and degenerative arthritis in his knee. He has a plastic prosthetic knee that is 26 years old. He claims it needs to be replaced.

[9] Certain portions of the ADA were amended by the ADA Amendments Act of 2008 (the "ADAAA"), effective January 1, 2009. *See* Pub. L. No. 110-325, 122 Stat. 3553 (2008). For example, the ADAAA amended the definition of disability. The U.S. District Court for the Middle District of Louisiana summarized the amendment to that definition as follows:

> The ADAAA essentially maintains the language of the original three prongs of the definition of disability: a physical or mental impairment that substantially limits one or more life activities; a record of such impairment; or being regarded as having such impairment, but it adds provisions to clarify several elements of the definition and reject Supreme Court decisions that narrowed the broad scope of protection Congress intended to be afforded by the ADA.

*Schmitz v. Louisiana*, No. 07-891-SCR, 2009 WL 210497, at *2, n.4 (M.D. La. Jan. 27, 2009).

Conforming amendments were made to the Rehabilitation Act. *See* Pub. L. No. 110-325, 122 Stat. 3553 (2008). As Plaintiff's claims occurred after January 1, 2009, his claims are subject to the ADAAA.

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  In order to establish a cause of action under Title II of the ADA, Plaintiff must establish:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits or discrimination is by reason of his disability.

*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004).  State prisons fall within the definition of "public entity" under the ADA.  *See Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998).

Assuming arguendo Plaintiff could establish he is a qualified individual within the meaning of the ADA, he cannot establish that he was denied services or discriminated against because of his disability.  Plaintiff claims he was not able to go to his appointments at the VA hospital because he is required to wear leg restraints and be accompanied by armed guards.  First, based on Plaintiff's allegations regarding this claim, he is being precluded from attending his appointments at the VA hospital due to his leg restraints and accompanying armed guards, and not because of his alleged disability.  Plaintiff is apparently required to wear leg restraints and be accompanied by armed guards based on security concerns, and not due to his alleged disability.  Additionally, based on Plaintiff's allegations, it is the VA Hospital, and not the named Defendants, that will not allow him to enter the VA hospital with leg restraints and armed guards.

Moreover, Plaintiff has failed to establish that he was denied access to the courts due to his alleged disability.  As discussed above, while Plaintiff initially claimed that his court hearing was cancelled because he was injured as a result of wearing leg restraints, he later testified that

the hearing was cancelled due to the disruption by another inmate, and had nothing to do with him. Accordingly, Plaintiff's claims under the ADA are without merit and should be dismissed.

The Rehabilitation Act prohibits discrimination against otherwise qualified individuals with disabilities in programs that receive federal financial assistance. *See Chandler v. City of Dallas,* 2 F.3d 1385 (5th Cir. 1993). In order to state a claim under the Rehabilitation Act, Plaintiff must show that "(1) he was a qualified individual with a disability, (2) the program or facility received federal funding; and (3) he was adversely treated solely as a result of the disability." *Hamilton v. Sweetin*, No. 9:08cv125, 2009 WL 399113, at *7 (E.D. Tex. Feb. 13, 2009) (dismissing prisoner's claims under the ADA and Rehabilitation Act as frivolous, finding that he failed to show that he was adversely treated solely as a result of a recognized disability). Plaintiff's claims under the Rehabilitation Act mimic his ADA claims. Plaintiff's claims under the Rehabilitation Act fail for the same reasons his ADA claims fail, as set forth above. Plaintiff has failed to show he was adversely treated solely as a result of his alleged disability. Accordingly,

  IT IS, THEREFORE, ORDERED:

Plaintiff's claims for denial of access to the courts, retaliation, violation the ADA, and violation of the Rehabilitation Act are dismissed with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B).

  SO ORDERED AND ADJUDGED this the 6th day of December, 2011.

                              s/ Michael T. Parker
                              United States Magistrate Judge