# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

CARL JAMES CAVINESS                                                      PLAINTIFF

VS.                                                  CIVIL ACTION NO. 4:11cv3-MTP

SANDRA ATWOOD, ET AL.                                      DEFENDANTS

## ORDER

THIS MATTER is before the court on the Motions for Reconsideration [41][42] and the Motion to Amend [44] filed by Plaintiff. The court having considered the motions finds that they should be granted in part and denied in part.

In his motions,[1] Plaintiff asks the court to reconsider its Order [40] dismissing his claims for retaliation, denial of access to the courts, violation the Americans with Disabilities Act ("ADA"), and violation of the Rehabilitation Act. He seeks to amend his complaint to add these claims back in. He further disputes the court's characterization of his claims in its Omnibus Order [39]. Specifically, he claims that his allegation that he was injured as a result of being forced to wear leg restraints forms the basis of an excessive force claim, and not a medical claim as stated by the court.

Plaintiff appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on November 17, 2011. Plaintiff claimed that the Defendants should have ensured that he was exempt from wearing leg restraints during transport due to his alleged disability.[2] He claimed that as a result of the leg restraints he was forced to wear during

---

[1] Because the three motions are related and seek the same relief, the court will address them together.

[2] Plaintiff alleges he has nerve damage and degenerative arthritis in his knee. He has a plastic prosthetic knee that is 26 years old. He claims it needs to be replaced.

transport to a court appearance in another matter in September 2010, he fell and injured himself. He claimed the Defendants are responsible for this injury and that anytime he is forced to wear the restraints, he is at risk for falling. He also claimed that these Defendants failed to take him to his medical appointments at the VA hospital. The court characterized Plaintiff's claim as one for the denial of adequate medical care in violation of the Eighth Amendment. *See* Omnibus Order [39].

Plaintiff also alleged that GEO Group, Inc. failed to provide him with orthopedic shoes, failed to approve a referral to an orthopedic surgeon, and failed to approve and/or pay for the medical treatment he needs. He claimed that GEO's policies have prevented him from getting the medical treatment he needs. Plaintiff claimed he has written Christopher Epps on several occasions asking for help for his medical condition, and he refused to take any action.

Plaintiff also alleged that he was denied access to the courts, that the Defendants retaliated against him, and that the Defendants violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. However, as Plaintiff failed to state a claim for denial of access to the courts, retaliation, or a violation of the ADA or the Rehabilitation Act, those claims were dismissed under separate order pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Order [40].

Plaintiff first claims that his allegation that he was injured as a result of being forced to wear leg restraints forms the basis of an excessive force claim, and not a medical claim as stated by the court. He claims the use of force (leg restraints) were not applied in a good faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm. *See* Motion [41]. Liberally construing Plaintiff's claims, the court will allow this amendment. The court's Omnibus Order [40] will be amended to reflect Plaintiff's claim for excessive force in violation of the Eighth Amendment. Plaintiff's medical claims against GEO Group, Inc., his medical

claims against Christopher Epps, and his claims against Defendants for failing to take him to his medical appointments at the VA Hospital will also go forward.  *See* Omnibus Order [39].

However, Plaintiff's request for the court to reconsider its Order [40] dismissing his claims for retaliation, denial of access to the courts, violation the ADA, and violation of the Rehabilitation Act should be denied.  This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).  Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure."[3]  *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005).  This court has "considerable discretion" in deciding whether to grant a motion for reconsideration.  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly."  *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion."  *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000).  Indeed,

---

[3]Rule 59(e) is not technically applicable to Plaintiff's motions since the Order [40] was not a final "judgment."  *See* Fed. R. Civ. P. 54; 59(e); 72.  However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders.  *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co*., No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005).  Accordingly, the court will apply the same standard to the instant motion.

"[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3.

Plaintiff has failed to demonstrate any of these grounds. Thus, to the extent Plaintiff's motions request the court to reconsider its Order [40] dismissing his claims for retaliation, denial of access to the courts, violation the ADA, and violation of the Rehabilitation Act, such motions should be denied.[4]

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Motions for Reconsideration [41][42] and the Motion to Amend [44] are granted in part and denied in part as set forth herein.

2. Plaintiff's motions are granted to extent he seeks to amend his complaint to include a claim for excessive force. The court's Omnibus Order [40] is hereby amended to include an excessive force claim as set forth herein. The medical claims set forth in the Omnibus Order [40] will also remain, as set forth herein.

---

[4]In an attachment to his Motion [44], Plaintiff mentions new allegations regarding handicapped cells, shower chairs, and adequate housing to accommodate his disabilities. He also complains about a steel bar mounted on the floor to the entrance of his cell. In his motion, Plaintiff is referring to his cell at the East Mississippi Correctional Facility in Meridian. These allegations were not mentioned at the omnibus hearing, which was held primarily to allow Plaintiff to clarify his claims. However, since filing his motion, Plaintiff has been transferred to the Central Mississippi Correctional Facility in Pearl, Mississippi. *See* Change of Address [46]. Thus, the new allegations appear moot.

3. Plaintiff's motions are denied to the extent they request the court to reconsider its Order [40] dismissing his claims for retaliation, denial of access to the courts, violation the ADA, and violation of the Rehabilitation Act.

4. It is the Plaintiff's responsibility to prosecute this case. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED this the 10th day of February, 2012.

                                                        s/ Michael T. Parker
                                                        United States Magistrate Judge