IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CARL JAMES CAVINESS                                              PLAINTIFF

VS.                                                CIVIL ACTION NO. 4:11cv3-MTP

SANDRA ATWOOD, ET AL.                                          DEFENDANTS

## ORDER

THIS MATTER is before the court on the Motion for Miscellaneous Relief [64] and the Motion for Reconsideration [66] filed by Plaintiff. The court having considered the motions finds that they should be denied.

In his Motion for Miscellaneous Relief [64], titled "Motion to the Court to State Difficulties Associated With Recent Transfers," the Plaintiff states his difficulties with the law library and the mail room at the Central Mississippi Correctional Facility and the Mississippi State Penitentiary at Parchman. He states that he is having "difficulties with [his] health and accessing the courts without doubts that I actually am." Motion [64] at 3. Plaintiff states that any mistakes, "mis-mailings," or delays are not his fault but the fault of the Defendants or their agents. Plaintiff does not ask for any specific relief. Accordingly, this motion will be denied.

In his Motion for Reconsideration [66], Plaintiff asks the court to reconsider its Order [58] denying [47] Motion for Discovery, Motion to Appoint Counsel and [55] Motion for Court-Appointed Experts. This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc*., 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the

Federal Rules of Civil Procedure."[1] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3.

Plaintiff has failed to demonstrate any of these grounds. Accordingly, Plaintiff's Motion

---

[1] Rule 59(e) is not technically applicable to Plaintiff's motions since the Order [58] was not a final "judgment." *See* Fed. R. Civ. P. 54; 59(e); 72. However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005). Accordingly, the court will apply the same standard to the instant motion.

to Reconsider [66] should be denied.

Finally, the court notes that the Motion for Summary Judgment [59] filed by Christopher Epps is presently pending before the court. Plaintiff has not responded to the motion and the deadline to do so has passed. Because the motion, if granted, could result in the dismissal of this case, the court will afford Plaintiff another opportunity to respond.

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Motion for Miscellaneous Relief [64] and Motion for Reconsideration [66] are denied.

2. Plaintiff is granted an extension of time through April 27, 2012, to file his response to the Motion for Summary Judgment [59] filed by Christopher Epps. If Plaintiff fails to respond by April 27, 2012, the motion will be considered without a response.

3. It is the Plaintiff's responsibility to prosecute this case. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

SO ORDERED this the 5th day of April, 2012.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge