# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CARL JAMES CAVINESS**                                                                        **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 4:11cv3-MTP**

**SANDRA ATWOOD, ET AL.**                                                   **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court *sua sponte* upon the Plaintiff's failure to comply with certain orders of the court. The Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] on January 7, 2011. Based on the record in this case and the applicable law, the court finds that this action be dismissed without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

On August 16, 2012, the court attempted to serve Plaintiff with the Order [75] directing Plaintiff to respond to the Defendants' Motions for Summary Judgment [59][70], and the

---

[1] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

envelope containing the service copy to Plaintiff was returned to the clerk as undeliverable, with the notations "Return to Sender, Not Deliverable As Addressed, Unable to Forward" and "Hinds ERS Release." *See* Returned Mail [76]. The court entered an Order to Show Cause [77] on September 7, 2012, ordering Plaintiff to file a written statement with the clerk of court on or before September 21, 2012, setting forth why this case should not be dismissed for failure to comply with the court's orders or, **alternatively** to confirm his present address or provide the clerk of court with his new address, in writing, and respond to the pending Motions for Summary Judgment [59][70]. Plaintiff was warned that his failure to respond may result in this civil action being dismissed without further notice. Plaintiff failed to respond to the court's Order [77] as directed and failed to respond to the Defendants' Motions [59][70].

With its clear record of delay, this case may properly be dismissed under Rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995). The court has warned Plaintiff at least six times that his failure to comply with this court's orders could result in dismissal.[2] However, Plaintiff has failed to comply with the court's orders. Plaintiff also has not inquired as to the status of his case[3] or otherwise filed any pleadings or communicated with this court since April 17, 2012. From this it appears that

---

[2] *See* Orders [3][10][11][16][26][39].

[3] *See Ainsworth v. Payne*, No. 1:05cv297-LG-JMR, 2006 WL 2912571, at *1 (S.D. Miss. Oct. 10, 2006) (quoting *Perkins v. King,* No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. March 19, 1985)) ("In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquires. Address changes normally would be reflected by those inquiries if made in writing.")

2

Plaintiff has lost interest in proceeding with this action and has abandoned it.

As Plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, the court finds that this action should be dismissed.

IT IS, THEREFORE, ORDERED:

1. That this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2. All pending motions, including Defendants' Motions for Summary Judgment [59][70], are denied as moot.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be entered.

THIS, the 15th day of October, 2012.

s/ Michael T. Parker<br>
United States Magistrate Judge